| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | FOR ONLINE PUBLICATION ONLY |
|---|---|

JOSE MARMOL,

                            Plaintiff,

        - versus -

DIVISION 1181 A.T.U. - NEW YORK
EMPLOYEES PENSION FUND & PLAN,

                           Defendant.

ORDER
13-CV-3017

A P P E A R A N C E S:

    By:    JOSE MARMOL
            901 Drew Street, Apt. 135
            Brooklyn, NY 11208
            *Plaintiff Pro Se*

            SLEVIN & HART, P.C.
            1625 Massachusetts Avenue, NW, Suite 450
            Washington, DC 20036
    By:    Jeffrey S. Swyers
            *Attorneys for Defendant*

JOHN GLEESON, United States District Judge:

        On May 20, 2013, Jose Marmol filed a complaint and a motion to proceed *in forma pauperis* against defendant Division 1181 A.T.Y.- New York Employees Pension Fund (the "Fund") alleging violations of Section 3(1) and Section 502(c) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. Defendant moves to dismiss for failure to state a claim on the ground of *res judicata*. I heard oral argument on August 26, 2013. After oral argument I held the motion in abeyance and appointed counsel to assist Marmol, but appointed counsel promptly moved to be relieved, a motion I have granted. For the reasons set forth below, defendant's motion to dismiss is now granted.

BACKGROUND

A. *Procedural History*

1. *The Prior Case*

In 2012, Marmol brought suit against the Fund for disability benefits under the Fund's employee benefit plan (the "Plan"). He alleged that he became totally disabled in 2006, but that he was denied disability benefits under the Plan. The Fund moved for summary judgment.

After oral argument, I granted the Fund's motion for summary judgment on two grounds. First, I found that Marmol did not qualify for disability benefits under the express terms of the Plan because he was not 45 years old at the time he applied, he did not have ten years of consecutive service, and he had never filed an application for disability. *Marmol v. Div. 1181 A.T.U. New York Emps. Pension Fund & Plan*, No. 12-cv-1861, 2012 WL 3238113, at *2-3 (E.D.N.Y. Aug. 7, 2012), *aff'd* No. 12-cv-3584 (2d Cir. May 3, 2013). Second, I held that he was further ineligible for benefits because he had failed to first exhaust administrative claims procedures before seeking relief in federal court. *See id.* *5 ("Marmol failed to exhaust his administrative remedies and, in any event, is ineligible to receive disability benefits under the Plan."). Marmol appealed to the Second Circuit, and the decision granting summary judgment was affirmed.

2. *The Instant Case*

On May 20, 2013, Marmol brought another suit. He raises two issues. First, he alleges that he requested a form to apply for disability benefits in March 2007, but that the Plan administrators refused to provide him the forms, in violation of ERISA § 502(c), 29 U.S.C. § 1132(c)(1)(B). Compl. ¶¶ 8-9. This statute provides, in relevant part:

> Any administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) . . . may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

29 U.S.C. § 1132(c)(1)(B).

Second, Marmol alleges that the eligibility rules requiring a person to be age 45 to qualify for benefits were eliminated in 1999. Compl. ¶¶ 12-16. He contends that the Fund has failed to modify its eligibility requirements as required by the Tax Reform Act of 1986 and the Small Business Job Protection Act of 1996. *Id.* ¶ 26.

## DISCUSSION

A. *Res Judicata*

The doctrine of *res judicata* provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d. 275, 284-85 (2d Cir. 2000) (internal quotation marks omitted). *Res judicata* challenges may properly be raised via a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Thompson v. Cnty. of Franklin*, 15 F.3d 245, 253 (2d Cir. 1994). The purpose of *res judicata* is to "protect[] litigants from the burden of relitigating an identical issue with the same party or his privy and . . . promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979); *see also Arizona v. California*, 530 U.S. 392, 412 (2000) ("[*res judicata*] is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste.") (internal

3

quotation marks omitted). "To prove the affirmative defense a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan*, 214 F.3d. at 285.

Read liberally, Marmol's complaint may be understood to assert that (1) the Court should impose penalties pursuant to ERISA 502(c) and (2) that he is eligible for disability benefits under the express terms of the Plan.[1]

I conclude that this Court's 2012 decision has preclusive effect because each of the three prongs identified in *Monahan* is easily met. First, the Court's decision denying Marmol's claims was a final judgment on the merits. Second, there is "privity," as Marmol is the plaintiff and the Fund is the defendant in both suits. Third, the claims asserted were raised in the prior proceedings and, to the extent they were not, they could have been. Accordingly, Marmol had a fair and adequate opportunity to litigate all his claims, and therefore this action is barred by the doctrine of *res judicata*.

B. *Awarding of Attorney's Fees and a Litigation Injunction*

Defendant seeks attorney's fees and a litigation injunction. These applications are denied. To award fees, there must be "a finding of conduct constituting or akin to bad faith." *60 E. 80th St. Equities, Inc. v. Sapir*, 218 F.3d 109, 115 (2d Cir. 2000) (internal quotation marks omitted). An award of fees under 28 U.S.C. § 1927 is not warranted, as I find no bad faith. A litigation injunction is also not warranted. *See Iwachiw v. N.Y. State Dep't of Motor Vehicles*,

---

[1] In reviewing Marmol's complaint, I am mindful that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). "The policy of liberally construing *pro se* submissions is driven by the understanding that 'implicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (alteration omitted)).

396 F.3d 525, 529 (2d Cir. 2005) (setting forth the "unequivocal rule in this circuit . . . that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard.") (internal quotation marks omitted). However, Marmol is on notice that further litigation on this topic may be evidence of bad faith.

## CONCLUSION

The defendant's motion to dismiss is granted. The applications for attorney's fees and a litigation injunction are denied. The Clerk is respectfully directed to enter judgment for the defendants and to close the case.

So ordered.

John Gleeson, U.S.D.J.

Dated: January 14, 2014
      Brooklyn, New York